**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RENATO RIVADENEIRA, Case No.______________________/

Plaintiff,

v.

LINEBARGER GOGGAN BLAIR
& SAMPSON, LLP,

Defendant.

___________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Renato Rivadeneira alleges violation of the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C. § 1691 *et seq.* ("FDCPA") against Defendant, Linebarger Goggan Blair & Sampson, LLP, for deceptive and illegal debt collection practices.

**JURISDICTION AND VENUE**

1. This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

2. This Honorable Court has supplemental jurisdiction over the FCCPA claims under 28 U.S.C. § 1367 because the basis of the FDCPA federal claim involves the conduct that forms the basis of the state claim.

3. This Honorable Court has personal jurisdiction because Defendant conducts business throughout the United States, including Florida. Further, its voluntary contact with Plaintiff to collect illegal debts in Florida made it foreseeable that

Defendant would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because the Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

**PARTIES**

5. Plaintiff is a natural person and a resident of Miami-Dade County, Florida.

6. Defendant is a limited liability partnership with a place of business at 8130 Baymeadows Circle W., Suite 203, Jacksonville, Florida 32256.

**FACTUAL ALLEGATIONS**

7. Plaintiff had a Sunpass Toll Account numbered XXXX-2013 ("Account") with Florida's Turnpike Enterprise.

8. On or about May 19, 2015, Plaintiff received a letter from Defendant demanding payment of $35.98 for alleged unpaid tolls under the Account.

9. On or about May 26, 2015, Plaintiff sent a letter to Defendant, which it received because it signed the certified return receipt, disputing the alleged debt and requesting verification. *See* the signed return receipt attached as Exhibit "A."

10. Defendant has never provided Plaintiff with verification of the alleged debt.

11. Instead, on or about July 7, 2015 and September 14, 2016, Plaintiff received a letter from Defendant, which again demanded payment of $92.73.

12. Accordingly, Defendant knew it could not attempt to collect the alleged debt until verification was sent to Plaintiff; nonetheless, Defendant ignored this statutory requirement and attempted to collect the alleged debt from Plaintiff anyway.

**COUNT I AS TO DEFENDANT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)**

13. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for use of Florida's toll roads.

14. Defendant is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

15. Defendant attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt for use of toll roads for personal, family, or household purposes.

16. Defendant knew it could not attempt to collect the alleged debt because it had yet to send verification of the alleged debt after receiving the Plaintiff's dispute/verification letter.

17. Defendant attempted to collect an illegitimate debt and asserted a known non-existent legal right to collect the alleged debt when it sent letters demanding payment after it failed to provide verification of the debt.

18. Because of Defendant's FCCPA violation, Plaintiff suffered substantial damage, including but not limited to the misrepresentation of its right to collect the alleged debt, prevention of the statutory right to receive verification of the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

19. Defendant is liable to Plaintiff for actual damages, and statutory damages of $1,000.00, together with attorney's fees and all costs of Plaintiff 's representation. *See* § 559.77(2).

**COUNT II AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT § 1692g(b)**

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for the use of toll roads.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

22. Defendant attempted to collect a debt as defined by 15 U.S.C. § 1692a(5) because Plaintiff was allegedly obligated to pay a debt for personal, family, or household purposes.

23. Defendant violated the FDCPA when it continued collection efforts after it failed to provide verification of the alleged debt to Plaintiff. *See* 15 U.S.C. § 1692g(b).

24. Because of Defendant's FDCPA violation, Plaintiff suffered substantial damage, including but not limited, prevention of the statutory right to be free from collection efforts on an unverifiable debt, the imminent possibility of paying an unlawful amount, prevention of the statutory right to receive verification of the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

25. Defendant is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

**Relief Requested**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

A. Actual damages;

B. Statutory damages pursuant to Fla. Stat. § 559.77(2);

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Reasonable Attorneys' fees pursuant to Fla. Stat. § 559.77(2);

E. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

F. Such other and further relief as the Court may deem to be just and proper.

G. Plaintiff respectfully demands trial by jury in this action.

Dated: September 21, 2016,

Respectfully submitted,

s/ Darren R. Newhart
Darren R. Newhart, Esq.
Florida Bar No.: 0115546
E-mail: darren@cloorg.com
J. Dennis Card Jr., Esq
Florida Bar No.: 0487473
E-mail:DCard@Consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile: (305) 574-0132

MIAMI GMF MAIN OFFICE
MIAMI, Florida
331529418
1158540106-0090
05/27/2015 (800)275-8777 12:46:17 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| JACKSONVILLE FL 32256-1812 Zone-4 First-Class Mail Letter 0.50 oz. Expected Delivery: Sat 05/30/15 | | | $0.49 |
| @@ Certified Mail USPS Certified Mail #: 70031680000518312179 | | | $3.30 |
| Return Receipt | | | $2.70 |
| Issue Postage: | | | $6.49 |

Total: $6.49

Paid by:
Debit Card $6.49
Account #: XXXXXXXXXXXX1211
Approval #: 044612
Transaction #: 133
23903520476
Receipt#: 000141

@@ For tracking or inquiries go to USPS.com or call 1-800-222-1811.

In a hurry? Self-service kiosks offer quick and easy check-out. Any Retail Associate can show you how.

Order stamps at usps.com/shop or call 1-800-Stamp24. Go to usps.com/clicknship to print shipping labels with postage. For other information call 1-800-ASK-USPS.

Get your mail when and where you want it with a secure Post Office Box. Sign up for a box online at usps.com/poboxes.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FTE LINE BAZEL
GOLLAN BLAIR &
SAMPSON
5130 BAYMEADOWS
Circle W STE 2B
Jacksonville FL 32258

2. Article Number (Transfer from service label) 7003 1680 0005 1831 2179

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible] C. Date of Delivery 5/28/15

D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

PS Form 3811, July 2013 Domestic Return Receipt



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

JACKSONVILLE FL 32256

| | |
|---|---|
| Postage | $ $0.49 |
| Certified Fee | $3.30 |
| Return Reciept Fee (Endorsement Required) | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.49 |

MIAMI FL GMF WINDOW SERVICES MAY 27 2015 Postmark Here

05/27/2015

Sent To: Line Bazer : Golan
Street, Apt. No.; or PO Box No.
City, State, ZIP+4: Jacksonville FL 3-2256

PS Form 3800, June 2002 See Reverse for Instructions

7003 1680 0005 1831 2179